Amelia Roa REALUYO, and Alvin
A. Realuyo Petitioners,

v.

John C. METZLER, Jr. Superintendent,
Arlington National Cemetery, and
Thomas E. White, Secretary of the
Army Respondents.

No. 03 Civ. 3187(RO).

United States District Court,
S.D. New York.

May 20, 2003.

McCallion & Associates, LLP, H. Rajan
Sharma, Law Offices of Pompeyo Roa
Realuyo, Pompeyo Roa Realuyo, New
York City, for Petitioners.

Office of the United States Attorney for
the Southern District of New York, James
B. Comey, U.S. Attorney, Allison D. Penn,
Assistant U.S. Attorney, New York City,
for Respondents.

## OPINION AND ORDER

OWEN, District Judge.

Augusto Roa Realuyo in World War II
fought from September 1, 1941 to June 1,
1946 as a member of the Philippine Com-
monwealth Army, which was brought into
the armed forces of the United States by
order of President Roosevelt on July 26,
1941. Realuyo served with honor in the
Philippines and in the subsequent months
detainment in a Japanese prisoner of war
camp. Realuyo was honorably discharged
on June 1, 1946.

In the 1980's, Realuyo came to Manhat-
tan for treatment of his war-related ail-
ments at the Veterans Hospital here. He
became a United States citizen in 1990
under special legislation granting citizen-
ship to Filipino veterans of World War II.
Just recently, on April 25, 2003, Realuyo
passed away at the Veterans Hospital.
His sister and son have petitioned for a
writ of mandamus pursuant to 28 U.S.C.
§ 1361 compelling the Superintendent of
Arlington National Cemetery and the Sec-
retary of the Army to allow Realuyo's
remains to be buried at Arlington.

Despite Realuyo's service during World
War II, including his internment by the
Japanese and his being in the harrowing
and infamous Bataan Death March, there
is no statute or regulation authorizing his
burial in at Arlington, and regrettably, I
must deny the petition for mandamus.

Under 38 U.S.C. § 107(a), service such as Realuyo's that was "in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941" is not considered "active military service" for the purpose of United States laws, except certain specifically identified provisions, including the right to burial in a national cemetery under 38 U.S.C. § 2402(8). Section 2402(8) clearly entitles Realuyo or fellow Philippine Commonwealth Army veterans to burial in national cemeteries if they are citizens, as Realuyo was.

However, entitlement to burial in a national cemetery under § 2402(8) does not include entitlement to burial at Arlington, eligibility for which is not governed by § 2402, but by separate regulations contained in 32 C.F.R. § 553.15 and Army Regulation 290–5. Under those provisions, veterans who were prisoners of war are eligible for burial at Arlington provided those veterans were serving in the active military service of the United States at the time of imprisonment. Under 38 U.S.C. § 107(a), service in the Philippine Commonwealth Army is not deemed to have been "active military service of the United States." *See Gonzales v. United States,* 275 F.3d 1340 (Fed.Cir.2001) ("Congress ... [has] determined that service of the United States Armed Forces pursuant to President Roosevelt's July 26, 1941 order ... shall not be deemed to have been active military service ... for the purposes of any law of the United States conferring rights, privileges, or benefits upon any person by reason of the service of such person ... in the Armed Forces, with certain exceptions.") (quotations omitted). Thus, except in connection with benefits under certain specifically identified provisions, not including the reg-

ulations governing entitlement to burial at Arlington, service with the Philippine Commonwealth Army does not constitute active United States military service. I am therefore without power to order the relief Realuyo requested, deserving though his service was.

So ordered.